UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CR2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>) **ORDER**<br>)<br>JIMMY EARL HILTON, JR., )<br>JACQUELINE H. HILTON, )<br>and TAMATHA M. HILTON, )<br>         Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court on Defendant Jimmy Earl Hilton's ("Hilton") Motion to Dismiss Counts 20–27 of the Second Superseding Bill of Indictment (Document #52), filed June 14, 2010, and the Government's Response in Opposition (Document #56), filed June 24, 2010. This matter is ripe for disposition.

## BACKGROUND

In Counts 20–27, Hilton is charged with Aggravated Identity Theft as defined by 18 U.S.C. § 1028A. More particularly, the Indictment charges that on the specific occasions set forth in Counts 20–27, Jimmy and Jacqueline Hilton

> during and in relation to a specified felony, to wit: mail fraud in violation of Title 18, United States Code Section 1341, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit: the name "Woodsmiths," to fraudulently endorse each of the Woodsmiths Company's . . . checks listed in Counts Twenty through Twenty-Seven.

Section 1028A(a)(1) makes it unlawful for anyone, "during and in relation to" an enumerated felony, to "knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of

1

another person."[1] In the motion now before the Court, Jimmy Hilton argues that he cannot be guilty of aggravated identity theft under this statute because he did not steal the means of identity of a natural person, but of a corporation.

## ANALYSIS

*1. Relevant Principles*

At first glance, there does not appear to be much to Hilton's argument. Section 1028A specifically criminalizes the unlawful use of the "means of identification of another *person*." (emphasis added). "Although in ordinary usage both 'individual' and 'person' often refer to an individual human being . . . 'person' often has a broader meaning in the law." Clinton v. City of New York, 524 U.S. 417, 428 n.13 (1998). Unless invested with peculiar meaning by a more specific statutory provision, the Dictionary Act instructs that the word "person" in the United States Code includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1; see also Clinton, 524 U.S. at 428 n.13 (citing this statute as support for the proposition that the word "person" is not typically read narrowly to include only natural persons). Thus, Hilton's argument would appear to be foreclosed by the common legal definition of "person."

However, the issue of interpretation in this case is complicated by the definition of "means of identification" supplied by 18 U.S.C. § 1028(d), which states:

> In this section and section 1028A–
> . . . .
> (7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a *specific*

---

[1] The list of enumerated felonies contained in Section 1028A includes mail fraud, which is charged against Defendants Jimmy and Jacqueline Hilton elsewhere in the Indictment. 18 U.S.C. § 1028A(c)(5).

2

> *individual*, including any--
>> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
>> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>> (C) unique electronic identification number, address, or routing code; or
>> (D) telecommunication identifying information or access device

(emphasis added). Unlike the word "person," in the legal realm "individual" is sometimes understood to refer exclusively to a natural person. Clinton, 524 U.S. at 428 n.13; see also Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 (C.D. Ca. 2005) (holding that use of the word "individual" in the Torture Victim Protection Act precluded corporate liability under that statute). Thus, the question presented in the instant motion is whether the use of the word "individual" in Section 1028(d)(7)'s definition of "means of identification" limits the reach of Section 1028A to those cases where the identity of a natural person has been stolen.

Significantly, the interpretation of "individual" to signify only a natural person is not an unwavering rule. The plain and "ordinary meaning of 'individuals' . . . does not necessarily exclude corporations." *United States v. Middleton*, 231 F.3d 1207, 1210 (9th Cir. 2000) (holding that a statutory proscription against conduct causing damage to "one or more individuals" protected both corporations and natural persons); Clinton, 524 U.S. at 429 (holding that use of the word "individual" in the Line Item Veto Act did not preclude appeal by corporations). In Middleton, the court cited to the following definition of "individual" appearing in *Black's Law Dictionary* 773 (6th ed. 1990):

> As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; *but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons.*

(emphasis in citation). Subsequent editions of *Black's Law Dictionary* have altogether ceased to vest the noun "individual" with any particular legal meaning. Instead, "individual" is defined only as an adjective, and the definition provided refers only to quantity and gives no support to the person/individual distinction. *See Black's Law Dictionary* 789 (8th ed. 2004) (defining individual as "(1) Existing as an indivisible entity. (2) Of or relating to a single person *or thing*, as opposed to a group" (emphasis added)); *Middleton*, 231 F.3d at 1210 (citing a similar definition from *Black's Law Dictionary* 777 (7th ed. 1999)).

### 2. Result in the Present Case

In interpreting a statute, this Court must begin with the plain language. If that language lends itself to more than one reasonable interpretation, the Court can then consider which interpretation makes the most sense when considering the statutory "scheme and the general purposes that Congress manifested." United States v. Joshua, 607 F.3d 379, 384 (4th Cir. 2010) (citation omitted). Here, the Court finds that the plain language of the statute does not lead inevitably to the interpretation advanced by Hilton. Although the use of the word "individual" in the definition of "means of identification" may indicate a Congressional intent to limit the crime of identity theft to misuse of the personal information of natural persons, this intent is far from unambiguous. For one, the common definition of "individual" is not always limited to natural persons, as discussed above. For another, if the use of the word "individual" in Section 1028(d)(7) is viewed as an argument in favor of a narrow reading of the statute, the phrase "means of identification of another *person*" in Section 1028A argues with equal force for a less restrictive interpretation.

Another aspect of the text and structure of the statue favors a broad interpretation of the word "individual" as used to define "means of identification" in Section 1028(d). Many of the "means of identification" listed in Section 1028(d)(7), such as name, employer identification number, unique

4

electronic identification number, address, or routing code, and telecommunication identifying information or access device, are frequently associated with corporations as well as people. Some, such as an employer identification number, are more often possessed by business entities than natural people.

When viewed in context and in light of the statutory purpose, this Court finds that Section 1028A criminalizes the unlawful use of the means of identification of another person, regardless of whether the stolen identification is of a natural or a corporate person. The purpose of the statute is to prevent the negative impacts of the increasing number of crimes involving identity theft. See 150 Cong. Rec. H4808-01 (2004); *H.R. Rep. No.* 108-528. And corporate identity theft is no less damaging than personal identity theft, as this case illustrates. The alleged theft of the Woodsmiths Company name in this case is claimed to have led to the ruin of the company and the loss of jobs for all of its employees.

So as not to frustrate the statutory purpose of preventing the damages of identity theft, the Fourth Circuit and other courts have construed Section 1028A broadly in a variety of other cases. For instance, the Fourth Circuit has held that the statute criminalizes the theft of the identities of deceased people, United States v. Bush, 404 F.3d 263, 267 (4th Cir. 2005), a practice which, although pernicious, is in many ways less harmful to the living than corporate identity theft. See also United States v. Kowal, 486 F. Supp. 2d 923 (N.D. IA 2007) (holding the same).

Furthermore, when considering the purpose and structure of a statute, the Court is mindful of the need to avoid an absurd result. Clinton, 524 U.S. at 429. In the unpublished case of United States v. Johnson, 261 Fed. Appx. 611 (4th Cir. 2008), the Fourth Circuit upheld the Section 1028A conviction for aggravated identity theft of a defendant who had cashed checks stolen from the business "Gail Brinn Wilkins, Inc." The defendant in that case, like Hilton, argued that he could not

5

be convicted of aggravated identity theft because he had not stolen the identity of a natural person. However, the Fourth Circuit held that the use of the name of the natural person "Gail Brinn Wilkins" in the company's title was sufficient to satisfy the "means of identification" element and to support a conviction under Section 1028A. Thus, the court in that case ultimately did not have to decide whether the "means of identification" element of Section 1028A must relate to a natural person.

Nevertheless, given the holding in Johnson, if this court were to limit the application of Section 1028A to the theft of natural persons' means of identification, the results would be absurd. Under this interpretation of the statue, businesses whose names included the name of a natural person would receive the protections of the aggravated identity theft statute, while other companies, similar in all other respects, would not. This cannot have been the result intended by Congress.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant Jimmy Hilton's motion to dismiss Counts 20–27 of the Bill of Indictment is **DENIED**.

Signed: July 22, 2010

Richard L. Voorhees
United States District Judge